## MOSES PERKINS *vs.* CITY OF LAWRENCE.

Essex. Nov. 7, 1884. — Jan. 9, 1885. FIELD & C. ALLEN, JJ., absent.

A. bought a lot in a public cemetery owned by a city. In front of the lot, and shown on a plan referred to in his deed of the same, there was an avenue and a triangular space enclosed by lines. After A.'s purchase, the city built a wall and a terrace in this space, and closed the avenue. A. then brought a bill in equity for an injunction to restrain the city from building the wall and terrace, and to compel it to restore the premises to their condition at the time of the purchase. The case was referred to a master, who found that the acts complained of were alterations made in good faith for the general improvement of the cemetery, and not impairing the value of A.'s lot, or his means of access to it; that the pecuniary loss to A. was nothing, and the injury or damage, if any, was wholly one of sentiment and temper; and that A. had lain by and taken no other action than to protest, while the city had expended in the work in question a large sum of money to the benefit of the cemetery; and that the cost of removing the wall and terrace would largely exceed the value of the plaintiff's interest in the premises. *Held*, that the bill could not be maintained.

BILL IN EQUITY, by the purchaser of a lot in a public cemetery owned by the defendant city, to restrain the building of a wall and a terrace in front of the lot; and to compel the restoration of the premises to their condition at the time of such purchase. At the hearing in the Superior Court, on the bill and answer and the report of a master in chancery, the bill was dismissed; and the plaintiff appealed to this court. The facts appear in the opinion.

*J. C. Sanborn*, for the plaintiff.

*E. T. Burley & W. F. Moyes*, for the defendant.

HOLMES J. The plaintiff does not show any ground whatever for his claim of an easement over the triangle in front of his lot. It appears on the plan enclosed by lines, which withdraw it from the ways there delineated, and there is nothing which imports any limitation upon the uses to which the owners may put it. The plaintiff's case therefore must stand altogether on his rights in the ways. The extent of those rights, if any, depends on the effect to be given to the fact that the plan is referred to in his deed, for the purpose of identifying the lot sold to him. In determining the effect of that reference, we should have to bear in mind that this was not an ordinary sale of land for general purposes, but a sale of a lot in a public cemetery, the general charge of which was necessarily retained by

the defendant, and that it reserved a control even over the lot conveyed.

It has been said that rights of burial in public burial grounds are peculiar, and are not very dissimilar to rights in pews ; that they are so far public that private interests in them are subject to the control of the public authorities having charge of police regulations. *Sohier* v. *Trinity Church*, 109 Mass. 1, 21. See Pub. Sts. *c.* 82, § 15. It has been held in Connecticut, in the case of a sale by plan, that the fee of the ways remained in the owner of the cemetery, who retained general charge of the grounds. *Seymour* v. *Page*, 33 Conn. 61. Finally, apart from any peculiar principles applicable to cemeteries, it is to be borne in mind, as a general proposition, that a reference to a plan does not necessarily add to or enlarge the easements conveyed by the deed. *Williams* v. *Boston Water Power Co.* 134 Mass. 406, 416.

Taking all these considerations into account, we should hesitate to decide that the plaintiff could have any standing in equity to complain of alterations made in the ways in good faith, for the general improvement of the cemetery, and not impairing the value of his lot, or his means of access to it. If he has any such right, it is *inter apices juris;* and when the master finds that the pecuniary loss to him is nothing, and that the injury or damage, if any, is " wholly one of sentiment and temper, of so slight a character as to be counted among the trifles which the law does not regard," and when it further appears that the plaintiff has lain by and taken no other action than to protest, while the city has " expended in the work in question a large sum of money manifestly to the general improvement and benefit of the cemetery, and the cost of removing or opening the wall and terrace across the avenue would largely exceed the amount or value of the plaintiff's individual interest in the premises," we are clearly of opinion that the plaintiff has no claim to equitable relief. *Wood* v. *Sutcliffe*, 2 Sim. (N. S.) 163, 166 ; *S. C.* 21 L. J. (N. S.) Ch. 253. *Gaunt* v. *Fynney*, L. R. 8 Ch. 8.

*Bill dismissed, with costs.*