EDWIN J. TOOF vs. THE CITY OF NEW HAVEN.

73   543
f73   646
73   647
73   651

Third Judicial District, New Haven, January Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Special legislation enacted in 1895 and subsequently amended, provided
for the reassessment and appraisal, prior to April, 1900, of all tax-
able real estate in New Haven at its fair market value, required the
board of relief to hear all persons dissatisfied, to view their prop-
erty and report what changes, if any, should be made in the assess-
ors' valuation, and gave the aggrieved taxpayer a right of appeal
therefrom to the Superior Court. *Held* that the purpose of this
legislation was to furnish reliable information to the municipal
authorities to aid them in making out the annual lists of the inhab-
itants for taxation, and the proceeding therein authorized was in-
dependent of and very different from that prescribed by § 3860 of
the General Statutes giving a right of appeal to prevent the exac-
tion of an illegal tax.
Upon an appeal to the Superior Court under the Act of 1895, evidence
that one of four separate pieces of the taxpayer's land was under-
valued, is not admissible in behalf of the municipality for the sole
purpose of showing that the confessedly excessive valuation of an-
other piece ought not to be reduced. Each piece of land is to be
separately and properly valued.
Whether the function cast upon the Superior Court by the Special Act
is constitutional, *quære*.

Argued January 22d—decided February 12th, 1901.

ACTION in the nature of an appeal from the doings of the
board of relief of the city of New Haven, in refusing to re-
duce the assessors' valuation of the plaintiff's real estate,
brought to the Superior Court in New Haven County and
tried to the court, *Robinson, J.;* facts found and judgment
rendered in favor of the plaintiff, and appeal by the defend-
ant for alleged errors in the rulings of the court. *No error.*

The board of assessors of New Haven, in pursuance of a
Special Act, valued four pieces of real estate belonging to the
plaintiff. After a hearing before the board of relief, acting
under the same Special Act, that board reduced the valuation
of three pieces, and made no change in that of the fourth.

Plaintiff then brought this appeal (which is authorized by the same Special Act) to the Superior Court. The court (*Robinson, J.,*) valued three pieces at sums less than those fixed by the board of relief, and made no change in the valuation of the fourth piece. The appeal to this court assigns error in certain rulings on the admission of evidence.

*A. Heaton Robertson,* for the appellant (defendant).

*Henry G. Newton* and *Harrison Hewitt,* for the appellee (plaintiff).

HAMERSLEY, J. The Special Act "Providing for the Reassessment of all Taxable Real Estate in the Town of New Haven," as passed in 1895 and amended in 1897 and 1899 (Special Acts of 1895, p. 578; id. 1897, p. 1180; id. 1899, p. 175), is independent of the provisions of the General Statutes (§ 3802 *et seq.*) regulating the annual making for each inhabitant of a town of a list of all his taxable property, the amount of which list shall measure his ability to contribute to the payment of taxes for that year.

The Special Act provides for an examination and valuation of all the taxable land in the town of New Haven, at its present true and actual value, being the fair market value thereof, and not its value at a forced or auction sale. A period of five years is given for the completion of this task, which is imposed upon the board of assessors of that town as a special duty not included in the general statutory duties of the board. It also requires the board of relief of the town of New Haven to hear all persons dissatisfied with the valuation placed upon their property by the assessors in their report (to be filed by April 1st, 1900), to view the property whose value is thus called in question, and to file a statement, by July 1st, 1900, of such changes as it thinks should be made in the value fixed by the assessors.

The duty thus imposed upon the board of relief is a special and temporary one, wholly independent of its general statutory duties, and limited by the terms of the Special Act.

The Act also provides that any one dissatisfied with the report of the board of relief upon his property may take an appeal to the Superior Court on or before the first Tuesday of September, 1900, in the same manner that appeals may now be taken from town boards of relief to the Superior Court; and further provides that the list of the valuations of each piece of real estate in New Haven, sufficiently described to identify that piece, and of the names of the owners of such real estate, completed by the assessors by April 1st, 1900, as modified by the board of relief, and subject to such further changes as shall be made in appealed cases, shall, on October 1st, 1900, constitute the basis of the grand list of the city and town of New Haven for the year 1900, subject to such additional alterations as may thereafter be made according to law.

The purpose of this Special Act is hardly open to doubt. It provides for a single valuation of all taxable real estate in New Haven at its actual value, each piece being valued separately and identified by description, so that those valuations, completed after five years of investigation, may thereafter furnish reliable information to the town authorities that may aid them in making the annual lists of the inhabitants for taxation. And this purpose is emphasized by the provision requiring the town authorities to accept these valuations as the basis on which they shall make the lists of real and all other taxable property for the several persons subject to town taxation for the year 1900. It is patent that the duty thus imposed upon the assessors and board of relief is to ascertain the fair market value of each described and identified piece of real estate, and that the failure to perform this duty in respect to any particular piece is the only ground of the appeal to the Superior Court given by the Act. There is in each instance only one question before the assessors or the board of relief i. e., what is the fair market value of this piece of land? If upon appeal the Superior Court finds that the board of relief failed to ascertain that value, then the same question is the only one before the court.

It follows that in this proceeding, brought under this Special Act to the Superior Court and claiming that in the valua-

tion of four separate pieces of land belonging to the applicant the board of relief had in each case acted illegally in disregarding the fair market value of the land, the court properly rejected evidence of the value of one piece of land, when offered for the sole purpose of showing that the admitted excessive valuation of another piece by the board of relief should not be reduced, because the total of the valuations by the board of all four pieces was too low. Whether, for determining the question of any legal grievance to the appellant, or, in case of such grievance, of changing the valuation made by the board of relief, the question before the court was the actual value of each piece of land. The fact that at the time of hearing all four pieces belonged to one owner, did not justify a valuation of any one piece at a sum which was not its actual value. The evidence was not offered to show the actual value of the piece of land to which it applied.

The other rulings on evidence, assigned in the appeal as error, were unobjectionable in a hearing of this nature and do not furnish ground for new trial. A different question might be presented if the theory of the counsel for defendant were correct, namely, that this proceeding is an application to the Superior Court, authorized by General Statutes, §3860 *et seq.*, in the nature of an appeal from the action of a board of relief upon the annual list for taxation of the applicant, for the purpose of invoking the equity power vested in the court to prevent the town from collecting an illegal tax. *Ives* v. *Goshen*, 65 Conn. 456, 459. But such a theory is unfounded; this proceeding is plainly different from the action authorized by §3860.

No reference has been made by either party to a point which, if taken, might have required examination, namely, whether the function which this Act casts upon the Superior Court falls properly within its jurisdiction. See *Norwalk Street Ry. Co.'s Appeal*, 69 Conn. 576, 597, 598; *Ives* v. *Goshen*, 65 id. 456, 459.

Where no general public interests are involved, the presumption of validity attending all legislation should not ordinarily be challenged by the court, unless the party whose

interests may be affected claims, and is entitled to claim, the protection of the fundamental law. This Special Act is local and temporary; its force is now almost expended, and the only party whose interests may be injured by any possible stretch of legislative or judicial power is the one in whose behalf this legislation was passed and who claims its enforcement. We do not, therefore, consider this point, nor any question as to the true meaning of the Act in this connection; and refer to the subject only for the purpose of excluding any possible implications of opinion that might otherwise be drawn.

There is no error and a new trial is denied.

In this opinion the other judges concurred.