## FRANKLIN S. BRADLEY *vs.* THE CITY OF NEW HAVEN.

*First Judicial District, Hartford, March Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

The purpose of the special legislation (12 Special Laws, pp. 578, 1180; id. 1899, p. 175) providing for a thorough examination, valuation and permanent record of all the taxable real estate in New Haven, by its board of assessors, was not to do away with, nor to fetter or bind, the taxing authorities in making the annual valuation and assessment, but to furnish reliable information for use upon such occasions, and thus aid such authorities in the discharge of their duties. The special service required was in no sense a judicial function, nor was it incident to the exercise of judicial power; and therefore so much of such special legislation as attempted to confer appellate jurisdiction upon the Superior Court is unconstitutional and void. (*One judge dissenting*).

Argued March 12th—decided April 17th, 1901.

ACTION in the nature of an appeal from the refusal of the board of relief of the city of New Haven to reduce the assessors' valuation of the plaintiff's real estate, brought to the Superior Court in New Haven County and reserved by that court, *Roraback, J.*, upon a motion made by the defendant during trial to erase the cause for want of jurisdiction, for the consideration and advice of this court. *Judgment advised granting motion to erase.*

This case was brought to the Superior Court under the provisions of certain Special Acts, found in the Special Laws of 1895, p. 578, of 1897, p. 1180, and of 1899, p. 175. The provisions of this special legislation are in substance so fully stated in the case of *Toof* v. *New Haven*, 73 Conn. 543, that it is unnecessary to set them forth here.

The complaint is in the form of a civil action authorized by § 3860 of the General Statutes. It alleges in substance that the board of assessors of New Haven, acting under the Special Acts aforesaid, valued certain real estate belonging

*Transferred from the third judicial district.

to the plaintiff at $31,125; that upon the plaintiff's appeal to the board of relief that board valued the property at $29,550; that the true market value of it is $18,000; that the plaintiff is aggrieved by this action of the board of relief, and therefore claims that the court should reduce the valuation to $18,000.

The defendant filed a motion to erase the case from the docket, for want of jurisdiction, on the ground that the legislation in question, under which the case is brought, in so far as it purports to give jurisdiction to the Superior Court over cases of this kind, is unconstitutional. The questions of law arising upon this motion are reserved for the consideration and advice of this court.

*E. P. Arvine* and *A. Heaton Robertson,* for the defendant.

*Henry G. Newton* and *Ward Church,* for the plaintiff.

TORRANCE, J. The nature and purpose of the special legislation, under which the appeal to the Superior Court in the present case was brought, were somewhat fully considered in the case of *Toof* v. *New Haven,* 73 Conn. 543. Among other things, that case, in effect, holds (1) that this legislation does not repeal, abrogate, nor suspend the General Statutes regulating the annual laying and collecting of taxes in New Haven, but leaves them in full force and effect; (2) that it is of a temporary nature, passed for the accomplishment of a special purpose, namely, the making of a list of the kind described in the Special Acts, through the special agents named therein, which list, when completed, was to be used only for the special purpose stated in those Acts.

The appeal to the Superior Court in the present case, like the one in the *Toof Case*, was taken solely from the doings of these special legislative agents in making such list; and its sole purpose and object was to have a certain valuation of real estate in that list reduced, or otherwise made to correspond with what was alleged to be the taxable value of such property. Those empowered to make this list were not, in

making it, engaged in preparing a tax or assessment list of any kind. They were to make a revaluation of all taxable real estate in New Haven, and were to value it "as of the first day of October, 1894." They were persons well qualified for such a work, and were given ample time and opportunity to do the work. The result of their labors was to be embodied in a readily accessible and permanent form in this list, which was to contain, among other things, a valuation upon every piece of taxable real estate in New Haven, separately described and identified. A list so made would undoubtedly serve, and was intended to serve, a highly useful purpose in the preparation of tax or assessment lists; but it was not itself such a list, and was not intended to be. It was to be used in making the next assessment lists after its completion, as the basis of real estate valuations therein, in much the same way as in common practice assessment lists of a previous year are used as the basis of the next succeeding lists; that is to say, it was to be used as a source of reliable information as to taxable real estate and its valuations, in making the next assessment lists; and it was undoubtedly expected that it would, in that way, affect the valuations of real estate in subsequent lists for some time. Undoubtedly, too, greater weight would be, and in most cases ought to be, given to a list so made, than would ordinarily be given to the ordinary assessment lists of a preceding year; but still, under the Special Acts, this list was to serve only as an aid and not as a fetter to those charged with the duty of making the assessment lists in New Haven. The valuations in that list might guide, but did not bind them.

After this list was made, it was still the duty of the assessors and board of relief, in making up the assessment lists and the abstract thereof, next after October 1st, 1900, to make and perfect them according to law, and thus to put their own valuations upon real estate as of October first of that year, as the law requires them to do; and in doing this they were not legally bound by the valuations in the list made under this special legislation. Nor was the taxpayer legally bound by the valuations in that list, but only by those

made by the assessors and board of relief, and from their valuations, upon certain conditions, he had the right of appeal to the courts under the General Statutes. These results must follow, unless this special legislation can be regarded as suspending, in New Haven, temporarily, the operation of the General Statutes regulating the assessment and collection of taxes; but, looking at the three Acts as a whole, as we think we must, we do not think this legislation can be so regarded. Had the Act of 1895 remained unchanged, it might, perhaps, be plausibly claimed that the provision therein, that the list when completed should " constitute the grand list of the city and town of New Haven for the year 1898," by implication at least, partially suspended for that year, in New Haven, the operation of the General Statutes aforesaid; but the Act of 1899 radically changed this provision. That Act provided, not that the list should be " the grand list," but only that it should " constitute the basis of the grand list," " subject to such additions and alterations as may thereafter be made according to law." Looking at this special legislation as a whole, we think that it does not expressly, nor by necessary implication, suspend, in New Haven, even temporarily, the General Statutes relating to the assessment and collection of taxes, but contemplates that they shall operate and be acted upon just as if these Special Acts had never been passed.

From this view of the nature and purpose of this special legislation, we think the duties to be performed in perfecting the list called for by it, whether performed by the legislative agents or by the court, are administrative and not judicial. The things to be done by the legislative agents, and by the court on appeal, were all parts of one process prescribed in the Special Acts for the perfection of this list, and having for their sole end the completion of that list for the purposes it was designed to subserve. It is contended that the " appeal " allowed by this special legislation is in effect a process for calling into action the judicial power of the court to prevent the collection of an unjust or an illegal tax, similar to the process allowed under § 3860 of the Gen-

eral Statutes, as explained in *Ives* v. *Goshen,* 65 Conn. 456 ; but the answer to this is that this special legislation does not authorize such a process, because the question of unjust or illegal taxation is in no way involved in such an appeal. The valuation appealed from in such case is not an assessment valuation, nor a valuation that fixes the amount of a tax, nor a valuation that in any way affects the legal rights of anybody in the way of unjust or illegal taxation, or otherwise. The court, in acting upon such an appeal, is taking part in an administrative act pure and simple, which, when completed, legally affects nobody, legally binds nobody, settles no rights, redresses no wrongs, and can only serve the convenience of administrative officers in performing their duties. In such an appeal the plaintiff is not, and cannot be, legally injured by the valuations of which he complains ; and consequently the redress which he asks, and which the court is empowered to grant, is not legal redress at all. The valuation which the court is asked to make in such cases is not made in the exercise of any judicial power or function, nor is it made as incident to the exercise of any such power or function; it is made as part of an administrative act or process, for a purpose purely administrative ; and it is an act which, under this legislation, is required of the Superior Court as a court and not as a special statutory tribunal. We think such action as is required of the court under this special legislation falls clearly without the limits of the judicial department. If the court can be empowered to aid others in performing the work called for by this special legislation, it is difficult to see why it cannot be empowered to do the entire work without the aid of others ; and, if this be so, then it is still more difficult to see why it cannot be empowered to do any administrative act whatsoever.

Upon the view here taken of the nature and purpose of the special legislation in question, we are constrained to hold that in so far as it attempts to confer jurisdiction upon the Superior Court, it is, to that extent, unconstitutional, for the reasons given in *Norwalk Street Ry. Co.'s Appeal,* 69 Conn. 576, which need not here be repeated.

The decision in *Toof* v. *New Haven*, 73 Conn. 543, was so strongly suggestive of the question now before us, that we felt bound to exclude any implication that a settlement of that question was involved in that decision. At the same time we there plainly intimated that the question ought not to be raised. The legislation in question is confined in its effects to one town, is of a temporary character, and cannot foreclose the rights of any one; and the court properly enough, in the *Toof Case*, refrained from considering or expressing any opinion upon the question raised in this case, for it seemed that the interests of all concerned, and especially of this defendant, would be best subserved by following such a course. But the defendant takes a different view of the matter, and in this case directly raises the question whether the Superior Court has jurisdiction over appeals of the kind here in question, in such a way that we are compelled to meet it and decide it. That is the only question arising upon the record that is reserved for our advice, and for the reasons given it must be answered in the negative.

The Superior Court is advised to grant the defendant's motion, and to erase the case from the docket.

In this opinion ANDREWS, C. J., HAMERSLEY and HALL, Js., concurred.

BALDWIN, J. I concur in the opinion of the court so far as it states the purpose of the Special Acts under which the valuation in question was made by the assessors and board of relief, and treats that valuation as administrative action of a special and peculiar character.

I dissent from the conclusion that the Superior Court had no power to entertain the appeal.

We held in *Toof* v. *New Haven*, 73 Conn. 543, that a duty was imposed by the General Assembly upon the assessors and board of relief to ascertain " the fair market value " of the plaintiff's real estate, and that his appeal was based on their " failure to perform this duty " and the claim that they " acted illegally in disregarding the fair market value of the land."

What is commenced as an administrative proceeding may often lead up to or become converted into a judicial one, by a grant of power to a court to review action taken in the first instance by administrative officers. This doctrine is fully discussed and affirmed in both of the opinions given in *Norwalk Street Ry. Co.'s Appeal*, 69 Conn. 576, 599, 607.

In the case at bar, the plaintiff asserts that he owns certain pieces of real estate the true market value of which was $45,030; that the assessors gave them a valuation of $71,560; that the board of relief reduced it only to $66,560; and that he is aggrieved by this action, and claims a further reduction to what is the true value. In my opinion he has a substantial grievance for which the General Assembly had the right to give him an opportunity to seek judicial relief.

Unquestionably this would be true if the law were so that the valuation complained of was necessarily to be taken as the true valuation in making up the grand list of New Haven as of October 1st, 1900. *Ives* v. *Goshen*, 65 Conn. 456, 459. The majority of the court, however, take the view that as the law goes no farther than to make it a guide or aid in preparing that list, the fact (admitted by the motion to dismiss) that its amount is too large by $21,530 is of no legal consequence. This gross overvaluation, showing an error of nearly forty-eight per cent, it is said, legally affects nobody, and an appeal from it can involve no question of unjust or illegal taxation. The General Assembly thought otherwise. They made it from the first an integral part of the scheme for a reassessment, and presumably because they considered it a necessary and proper feature of it, that every taxpayer aggrieved by an untrue valuation might obtain prompt relief by an appeal to the Superior Court. It is the constitutional right of the legislative department to define the powers and jurisdiction of the Superior Court, and invest it with any part of the judicial power of the State, except such as necessarily can belong only to the court of last resort. Const. of Conn. Art. V, § 1. If an unjust and therefore illegal valuation of taxable property, which valuation will and should influence, though not absolutely control, the annual valuations to be

Bradley *v.* New Haven.

put upon this property in the grand list in future years, can by possibility injuriously affect the owner's interests, the General Assembly in my opinion had power to extend to him a judicial remedy. They could proceed upon their own view of the extent of the injury and the probability of resulting damage

The rule of the common law, that a man is only liable for the damages proximately resulting from an act for which he is responsible, can be repealed by statute, and a remedy given for those which are remote and consequential. *Bertholf* v. *O'Reilly*, 74 N. Y. 509, 524. Much more can the State give the courts power to rectify any injustice committed by public agents; and whether the process be called a *certiorari* or an appeal, or whether it should be confined to a review of errors of law, or extended to a review of errors in judgment, is for the legislature only to decide.

But if the Superior Court could refuse to entertain an appeal, when it appeared upon the face of the record that there was no substantial grievance, this is not such a case. It is, it seems to me, probable that the valuation as left by the board of relief will be taken as the true valuation in the next grand list. If it be thus taken, the plaintiff must pay taxes next year on a valuation of his property which is more than $21,000 greater than it would be if it conformed to the legal standard of "the fair market value."

It is true that the plaintiff had another remedy by an appeal from that valuation, whenever it should be made. But the legislature could give him a choice of remedies. It is not for the courts to say what particular means of relief the General Assembly should provide. The discretion as to a selection of the proper means is vested exclusively in the legislative department.

It is impossible to classify and distribute all the powers of government with mathematical precision into three divisions and to build up an impassable wall between them. *Application of Cooper*, 22 New York, 67, 82, 84. This was recognized by the framers of our Constitution. Journal of the Constitutional Convention of Connecticut, pp. 55, 78. The

impossibility stands out more clearly with every new advance in civilization. No absolute trinity of governmental form can be maintained in human society, as the relations of each individual to his fellows, and of the State to all, become, and necessarily become, more numerous and complicated.

There are administrative functions which are not purely legislative nor purely executive, and there are administrative functions which, if ill-performed to the prejudice of any particular person, may legitimately present a case for judicial relief.

The Supreme Court of the United States, after an extensive review of the authorities upon a question quite similar to that here presented, came to the following conclusions: "The principle to be deduced from these cases is, that a proceeding, not in a court of justice, but carried on by executive officers in the exercise of their proper functions, as in the valuation of property for the just distribution of taxes or assessments, is purely administrative in its character, and cannot, in any just sense, be called a suit; and that an appeal in such a case, to a board of assessors or commissioners having no judicial powers, and only authorized to determine questions of quantity, proportion and value, is not a suit; but that such an appeal may become a suit, if made to a court or tribunal having power to determine questions of law and fact, either with or without a jury, and there are parties litigant to contest the case on the one side and the other." *Upshur County* v. *Rich*, 135 U. S. 467, 477. See also *Hagar* v. *Reclamation District No. 108*, 111 U. S. 701, 710. I believe this to be law, and that the appeal now before us is a true suit for judicial relief and presents a proper case for granting legal redress for a substantial injury.