THE STATE vs. BENJAMIN F. SCOVILLE.

Second Judicial District, Norwich, April Term, 1905.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The power given to "cemetery associations" by General Statutes, § 4453, as amended by Chap. 134 of the Public Acts of 1903, p. 96, to enact by-laws providing for "the care and management of all burial lots, and the protection of all shrubs, trees, fences, and monuments thereon", may be exercised as well by a cemetery association organized with a capital stock as by one without such stock.

In the former case a vote representing a majority of the stock is sufficient for the adoption of a by-law under this statute, a two-thirds vote of all the members being required (§ 3938) only of corporations without capital stock.

Under this statute (Public Acts of 1903, p. 96, Chap. 134), a cemetery association adopted a by-law forbidding, among other things, the planting, cutting, or trimming of any herbage of any kind upon any burial lot or other portion of the cemetery grounds, except by consent and direction of the president or superintendent. Upon a prosecution of the defendant for a violation of this provision of the by-law, it was held that this clause came within the authority conferred by the statute, and that neither the statute nor the by-laws, in so far as either regulated the planting, cutting or trimming of any herbage upon burial lots—was invalid upon the ground that it deprived the holders of such lots of the proper use and control of their property, or unreasonably interfered with the privileges of those who had burial rights in the cemetery lots.

The conveyance of a burial lot by a cemetery association does not ordinarily vest in the grantee a title to the soil itself. The rights of burial are so far public, that the private interests so acquired are subject—as they were in the present case—to the reasonable police regulations of the association having charge of the cemetery, which may be regarded as holding the fee in trust for the purposes for which the corporation was organized.

These regulations are not necessarily to be confined to the protection of the public health, but may extend to the maintenance of the entire grounds, including the burial lots, in that appearance and condition which taste and public sentiment generally demand.

Had the by-law in question appeared to have been enacted in order to enable the cemetery association to accomplish any unlawful or improper purpose, it would not be enforced by our courts.

Whether it would have been upheld had it appeared that a lot owner

had asked and arbitrarily been refused permission to cut the grass on his own lot, *quœre.*

Argued April 28th—decided June 9th, 1905.

PROSECUTION for the violation of a by-law of the New London Cemetery Association, brought to the Criminal Court of Common Pleas in New London County and tried to the jury before *Noyes, J.;* verdict and judgment of guilty, and appeal by the defendant. *No error.*

The accused was convicted under Chap. 134 of the Public Acts of 1903, p. 96, which, as an amendment to § 4453 of the General Statutes, provides that " towns, cemetery associations, and ecclesiastical societies may enact by-laws providing for the care and management of all burial lots, and the protection of all shrubs, trees, fences, and monuments thereon, and may appoint superintendents and sextons for their cemeteries, who shall have the exclusive right to direct as to the opening of graves ; and no grave shall be opened in any cemetery except with the consent of the superintendent or sexton. The violation of any by-law made as aforesaid by any person to whom said by-law has been made known shall be a criminal offense punishable by a fine of not more than ten dollars."

These facts appear to have been proved at the trial : The New London Cemetery Association was organized in 1851, as a joint stock corporation, its stock originally consisting of one hundred shares of the value of $50 each, afterwards increased to two hundred shares, and was the owner of a large cemetery in New London known as the Cedar Grove Cemetery. On August 20th, 1904, at a duly called meeting, the association, by a vote representing a majority of the stock but not of two-thirds of the members of the corporation, adopted the following by-law : " No person shall plant, cut or trim any herbage of any kind, or place or erect any monument or other memorial stone, or any structure of any kind, or build or construct any foundation therefor, or form, grade, dig up or deposit any material of any kind upon any burial lot or other portion of the Cedar Grove Cemetery,

so-called, being the cemetery grounds of the New London Cemetery Association, except by the consent and direction of the president or superintendent of said association. . . . "
On September 1st, 1904, the accused, to whom said by-law had been expressly made known, went upon said cemetery grounds and, without the consent or direction of its president or superintendent, cut and trimmed herbage, growing upon said grounds, in wilful disregard of said by-law. The court admitted in evidence the records of the New London Cemetery Association showing the adoption of the law, against the objection of the accused that the only cemetery associations which could enact by-laws under said chapter 134 were those having no capital stock, and that said by-law could only have been adopted by a two-thirds vote of the members of the association.

The court refused to charge the jury as the accused requested, that the by-law was unreasonable and oppressive, and therefore void, and not one the violation of which was punishable under said chapter 134, but charged the jury, in substance, that the effect of the law was not to confer an arbitrary power upon the president or superintendent, and that it was a reasonable by-law.

*Charles F. Thayer*, for the appellant (defendant).

*Hadlai A. Hull*, Prosecuting Attorney, for the appellee (the State).

HALL, J. The New London Cemetery Association was competent to pass by-laws under the provisions of chapter 134 of the Public Acts of 1903. Neither the language of that section, nor of § 4452 of the General Statutes permitting the organization of cemetery associations in accordance with the provisions of § 3937, which provides for the formation of corporations without capital stock, requires cemetery associations to be organized under § 3937 in order to become such within the meaning of chapter 134.

The provisions of General Statutes, § 3938, which are the

same as·those of Part V, § 90, of the Act of 1903 concern-
ing corporations (Public Acts of 1903, p. 177)—that any
corporation without capital stock may, by a two-thirds vote
of all the members of the corporation, make by-laws im-
posing fines and laying assessments—have no application
to the question of the validity of the by-law under consider-
ation, since the New London Cemetery Association is not
a corporation without capital stock, organized under § 3937,
nor is the by-law in question of the character of those de-
scribed in § 3938.

The passage of that part of the by-law in question in this
case, was within the authority conferred by chapter 134 of
Act of 1903. The language of that Act, permitting the
enactment of by-laws providing for the *care and management*
of all burial lots, is broad enough to cover the provision of
this by-law as to the planting, cutting or trimming of any
herbage of any kind upon any burial lot, etc. ; and we find
nothing in the Act indicating that it was only the care and
management of burial lots by their so-called owners which
it was intended might be provided for by by-laws.

Neither the Act (Chap. 134) nor the by-law in question,
in so far as either so regulates the planting, cutting or trim-
ming of any herbage upon burial lots, is invalid as depriv-
ing persons of the proper use and control of their own
property ; nor can we say that such part of the by-law is
void, as allowing an unreasonable interference with the priv-
ileges of those who have burial rights in the cemetery lots.

The land comprising the Cedar Grove Cemetery is held
by the New London Cemetery Association for a public use,
and the legislature permits this association to exist, to "dis-
charge in behalf and for the benefit of the public the duty
of providing, maintaining and protecting " such burial place.
*Evergreen Cemetery Asso.* v. *Beecher*, 53 Conn. 551, 553 ;
*Evergreen Cemetery Asso.* v. *New Haven*, 43 id. 234, 241. In
the proper performance of that duty such associations are
not only authorized to provide suitable burial places, the
right to use which may be acquired by the public, and to so
far regulate the use of such burial places as may be neces-

sary for the protection of the public health, but also to keep and maintain that condition and appearance of the entire cemetery grounds, including the burial lots, which is generally demanded by public sentiment and taste.

Generally, one receiving from a cemetery association a deed of a burial lot does not thereby take a title to the soil itself. The rights of burial are so far public, that the private interests so acquired, to a limited use of particular lots for purposes of interment, are subject to the reasonable police regulations of the association having charge of the cemetery. The association may be regarded as holding the fee in trust for the purposes for which the corporation was organized. *Edwards* v. *Stonington Cemetery Asso.*, 20 Conn. 466, 478; *Seymour* v. *Page*, 33 id. 61, 65; *Perkins* v. *Lawrence*, 138 Mass. 361; *Sohier* v. *Trinity Church*, 109 id. 1; *Bessemer L. & I. Co.* v. *Jenkins*, 111 Ala. 135; *Page* v. *Symonds*, 63 N. H. 17.

The holders of burial lots in the Cedar Grove Cemetery have acquired only such limited right to the use of such lots, and have consented to the proper regulation, by the association, of the use of the burial lots, by accepting deeds which expressly provide that the lot owners have and hold the granted premises, " subject to the charter and to the by-laws, rules and regulations made or to be made in conformity therewith; and entitled to the rights and privileges by said charter, by-laws, rules and regulations secured; " and that the deed " is given on condition that the grantee shall devote the premises to the specific purpose for which the cemetery was established, and to no other."

It is argued by counsel for the accused that the effect, if not the object, of this particular provision of the by-law, is to enable the association to arbitrarily control the cutting of the grass, etc., for other reasons than to secure the proper care and management of the burial lots. Such is not its effect, and we have no reason to treat it as passed for that purpose. It may serve, and was presumably intended to serve, the lawful purpose of enabling the association to secure the proper care and management of burial lots. It

would not be enforced by our courts under chapter 134 of the Acts of 1903, if it appeared to have been passed to enable the association to accomplish any unlawful or improper purpose.

Possibly a different question would have been presented in this case, had the accused shown that the president or superintendent of the association had arbitrarily refused to permit a lot holder, or one acting under his authority, to cut the grass upon such owner's lot, when such cutting could in no way have affected or interfered with the proper care and management of the cemetery. But that is not the question in this case. It does not appear from the record before us that evidence was offered to prove either that the consent of the president or superintendent was asked for, or that the accused was a lot holder, or acting under the direction of a lot holder ; nor does it very satisfactorily appear that evidence was offered to show that herbage was cut within the limits of any burial lot. The finding states that evidence was offered to show that the accused " went upon the cemetery grounds of said association and cut and trimmed herbage growing upon said grounds."

The trial court committed no error in holding that the part of the by-law in question was valid, and that the by-law was lawfully enacted.

There is no error.

In this opinion the other judges concurred.