IDA W. RINDGE *vs.* ANNA L. HOLBROOK.

*First Judicial District, Hartford, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 15th—decided March 3d, 1930.

* Transferred from the Third Judicial District.

*George E. Beers* and *Robert H. Alcorn,* for whom, on the brief, was *William F. Alcorn,* for the appellant (plaintiff).

*James W. Carpenter,* for the appellee (defendant).

MALTBIE, J. The plaintiff was riding as the guest of the defendant in an automobile which the latter was driving along a highway in the town of Killingworth. The plaintiff suffered severe injuries by reason of the automobile running off the paved portion of the road and striking the fence at the side of it. The automobile was going at a high speed but one which, in view of the nature of the highway, absence of traffic and other surrounding circumstances, could not reasonably be deemed excessive. The plaintiff was sitting on the front seat beside the defendant. She discovered a bee upon her knee, and called the defendant's attention to it. The latter glanced at it, took her right hand off the steering wheel and reached for it. The plaintiff testified that the defendant placed her hand upon her knee and that she, the plaintiff, then turned to open the window beside her, and when she had made about three turns of the lever operating it, the collision with the fence occurred. The defendant testified that she reached for the bee but, without actually touching it, put her hand back upon the steering wheel, when the bee alighted upon her wrist, she made a movement with

her hand, and thereupon the collision occurred. This latter testimony is not in any material way in conflict with that of the plaintiff because the incident detailed may well have occurred while the plaintiff was turned toward the window to open it. The marks of the wheels of the car indicated that, from the time it first turned from a straight course until it struck the fence it proceeded about seventy-five feet. The whole evidence shows beyond doubt that the accident was due to the fact that the attention of the defendant was momentarily distracted from the operation of the car because of a not unnatural reaction to the presence of the bee near or on her person. The trial court was right in concluding that the situation could not reasonably be held to disclose a reckless and heedless disregard by the defendant of the rights of the plaintiff, within the terms of our statute restricting the right of recovery by a guest in an automobile. Public Acts of 1927, Chap. 308; *Silver* v. *Silver,* 108 Conn. 371, 147 Atl. 240; *Bordonaro* v. *Senk,* 109 Conn. 428, 147 Atl. 136; *Ascher* v. *Friedman, Inc.,* 110 Conn. 1, 147 Atl. 263.

The complaint of the plaintiff was based upon, and clearly sought a recovery solely by virtue of the statute just referred to. It does not appear that any claim was made that this statute was unconstitutional at the trial and in fact the appellant does not claim before us that such a contention was there made. In her original appeal, she did claim the statute to be unconstitutional under the provisions of the 14th Amendment of the United States Constitution, evidently to try to take advantage of the claim made before us in the *Silver* case, which was then pending in the United States Supreme Court, should that court reverse our decision. After our opinion in *State* v. *McCook,* 109 Conn. 621, 147 Atl. 126, was handed down the appellant amended her reasons of appeal so as to claim the statute unconsti-

tutional under the principles therein announced, and she now presses upon us the consideration of this question.

This court is a court established to review the decisions of lower courts to determine whether or not they have committed any errors in law in determining particular controversies before them. *Styles* v. *Tyler,* 64 Conn. 432, 30 Atl. 165; *Nolan* v. *New York, N. H. & H. R. Co.,* 70 Conn. 159, 39 Atl. 115; *Dexter Yarn Co.* v. *American Fabrics Co.,* 102 Conn. 529, 129 Atl. 527. The scope of the appeal allowed to it is defined and limited by the terms of our statute. *Etchells* v. *Wainwright,* 76 Conn. 534, 538, 57 Atl. 121; *State* v. *Caplan,* 85 Conn. 618, 621, 84 Atl. 280. We are not "bound to consider" claims of error which do not appear upon the record to have been distinctly raised at the trial; General Statutes, § 5837; Public Acts of 1929, Chap. 301, § 12; nor do we ordinarily do so. It is true we have on occasion considered a matter which was not so raised, as, for instance, where it was of public moment; *Donovan* v. *Davis,* 85 Conn. 394, 399, 62 Atl. 1025; or where it went to the jurisdiction of the lower court; *Wentz's Appeal,* 76 Conn. 405, 411, 56 Atl. 625; or where a controlling statute was overlooked by court and counsel at the trial. *Cunningham* v. *Cunningham,* 72 Conn. 157, 44 Atl. 41; *Schmidt* v. *Manchester,* 92 Conn. 551, 555, 103 Atl. 654. But where we do this, it is not because the appellant has a right to have the question determined, but because, in the interest of public welfare or of justice between individuals, we are of the opinion it ought to be done.

When the legislature enacts a statute it becomes a part of the law of the land and is entitled to be so regarded until its unconstitutionality is determined in some appropriate proceedings. "Every law of the legislature, however repungant to the Constitution, has not

only the appearance and semblance of authority, but the force of law. It cannot be questioned at the bar of private judgment, and if thought unconstitutional resisted, but must be received and obeyed, as to all intents and purposes law, until questioned in and set aside by the courts. This principle is essential to the very existence of order in society. It has never been questioned by any jurist to my knowledge." BUTLER, C. J., in *State* v. *Carroll*, 38 Conn. 449, 472; see also opinion of Shaw, C. J., in *Wellington et al., Petitioners*, 33 Mass. (16 Pick.) 87, 96. So true is this, that the question of the constitutionality of a statute will only be regarded when the objection is raised by someone whose rights will be affected by its application; *Toof* v. *New Haven*, 73 Conn. 543, 546, 48 Atl. 208; *Conneccut Light & Power Co.* v. *Southbury*, 95 Conn. 242, 246, 111 Atl. 363; *State* v. *Sinchuk*, 96 Conn. 605, 615, 115 Atl. 33; 1 Cooley's Constitutional Limitations (8th Ed.) p. 339; and the benefit of a claim of unconstitutionality may be waived. *Pierce Oil Co.* v. *Phoenix Refining Co.*, 259 U. S. 125, 128, 42 Sup. Ct. 440; 1 Cooley, Op. Cit., p. 368. Previous to the decision in *State* v. *McCook*, so far as we know, the constitutionality of the Act of 1927 upon the grounds considered in that opinion had not been questioned, despite the great number of situations to which it must have been applicable; indeed, the cases before us and in the trial courts where recovery was sought under its terms indicate a general acceptance of it. Undoubtedly the parties to this case, when the accident occurred, had no thought that it was not a binding law and, charged as they must be with knowledge of it, we must assume that they entered into the relationship of host and guest under its terms. The case was tried and determined by the mutual consent of the parties upon the basis that the statute was in force and applicable to

the situation. The requirements of justice and fair dealing do not require that we should now, upon the appellant's request, pass upon the constitutionality of the Act. Rather, considerations of general policy demand that we should apply our usual rule and decline to do so in view of the fact that the question was not raised at the trial.

There is another reason why the appellant is not entitled to raise the question. As we have noted, she founded her right to recover upon the statute and it does not now lie in her mouth to say that the very statute to which she has made her appeal for redress is void because unconstitutional. *Wall* v. *Parrot Silver & Copper Co.*, 244 U. S. 407, 411, 37 Sup. Ct. 609; *Holley v. Sunderland,* 110 Conn. 80, 85, 147 Atl. 300; *Second North School District's Appeal,* 92 Conn. 193, 102 Atl. 574.

There is no error.

In this opinion the other judges concurred.