[File No. 5921.]

SCHOOL DISTRICT NO. 35 OF CASS COUNTY, NORTH DAKOTA, a Public Corporation, Respondent, v. ELLEN SHINN, Mike Shinn, Eugene Meehan, Carl Ostwold, and the State of North Dakota, Doing Business as the State Bonding Fund. THE STATE BONDING FUND, Appellant.

(237 N. W. 693.)

Opinion filed July 6, 1931.

*James Morris,* Attorney General, and *Charles Simon,* Assistant Attorney General, for appellant.

*Burdick & Redetzke (Allen W. Wood* of counsel), for respondent.

NUESSLE, J. This action is brought to recover on account of alleged unlawful payments of school district funds approved and made by the individual defendants as directors and treasurer of the plaintiff school district. The State Bonding Fund is joined as defendant as surety on the bond of the defendant treasurer, Ellen Shinn.

The complaint alleges that the individual defendants are, respectively, the treasurer and directors of the plaintiff school district, and that the defendant State Bonding Fund is surety on the bond of the treasurer; that the defendant directors contrary to and without authority of law allowed and ordered paid certain items for tuition for pupils in outside school districts, for tuition at private schools within the plaintiff school district, for attorneys' fees, and in procuring evidence in a suit in which the plaintiff was a party; that the defendant treasurer paid the warrants issued therefor; that said defendants, including the defendant treasurer, knew that the expenditure of said moneys was unauthorized and illegal and that the items for which they were paid were not proper and lawful charges against the plaintiff school district; that demand has been made upon said individual defendants for the repayment of said moneys, which demand has been refused, and that a claim therefor against the defendant State Bonding Fund has been duly made and filed. To this complaint the defendant State Bonding Fund demurred on the grounds that the complaint does not state facts sufficient to constitute a cause of action as against it, and that several causes of action have been improperly united in the complaint. The district court overruled the demurrer and the defendant State Bonding Fund appeals. The second ground of the demurrer, that is, that several causes of action were improperly united in the complaint, has been abandoned by the appellant and, therefore, no consideration will be given to the same.

The following portions of the statute, Compiled Laws of 1913, are pertinent to a consideration of this appeal.

"Section 1161. The three school directors in each school district shall constitute the district school board. . . ."

"Section 1165. The school treasurer shall . . . give a bond to the school district conditioned for the honest and faithful discharge of his duties and that he will render a true account of all funds and property that shall come into his hands and pay and deliver the same according to law. . . ."

"Section 1168. The school treasurer shall keep such account and make such reports as are required of him by law. He shall pay no money out of the funds in his hands except upon the warrant of the school board, signed by the president and countersigned by the clerk. He shall pay all warrants properly drawn and signed when presented, if there is any money in his hands or subject to his order for their payment."

"Section 1170. Each warrant drawn by the clerk or the board on the district treasurer must specify the purpose for which it is drawn, the fund on which it is drawn and the person to whom payable; and no warrant shall be issued except for indebtedness incurred prior to its issue."

"Section 1173. The district school board shall have the general charge, direction and management of the schools of the district, and the care, custody and control of all the property belonging to it, subject to the provisions of this chapter. . . ."

Section 1165, quoted above, measures the responsibility of the defendant State Bonding Fund. The question in this case is as to whether the defendant treasurer complied with the conditions of the bond given pursuant to § 1165, and that, in turn, is dependent upon whether the treasurer performed the functions and duties of her office as defined by the other sections of the statute quoted.

We must infer from the complaint, and the fact is conceded by the plaintiff, that the payments of school moneys, over which this controversy arose, were made by the defendant treasurer to take up warrants that were in the form prescribed by statute, approved and signed by the proper officers, after the items for which the warrants were issued had been allowed and approved by the board of directors. We

must also assume from the allegations of the complaint (aside from the requirements of the statute, § 1170, that warrants shall specify the purposes for which they are drawn), that in the instant case the treasurer knew the purposes for which the warrants were drawn and to which the moneys paid thereunder were to be devoted. On the other hand, it is not alleged, nor does it appear, that in paying the warrants the treasurer acted in bad faith or with any fraudulent or unlawful purpose. Neither does it appear that there was any collusion or conspiracy between the treasurer and the directors culminating in the issuance and payment of the warrants. The plaintiff's contention is that it is not enough that a proper warrant be presented to a treasurer for payment, but that before a treasurer pays a warrant he must make sure that it is issued for a proper and lawful purpose. Counsel for the plaintiff in their brief in this case state their position in these words: "Does § 1168 of the Compiled Laws of North Dakota, for the year 1913, mean literally what it says, or shall that section be interpreted to mean that a treasurer of a school district shall also be satisfied that the warrant was drawn for a legal object? . . . If the section . . . means literally what it says, we concede that the complaint does not state facts sufficient to constitute a cause of action against the State Bonding Fund."

We are here concerned with ascertaining the legislative intent as disclosed by the statute. "The object of all interpretation and construction of statutes is to ascertain and carry out the intention of the lawmakers. 26 Am. & Eng. Enc. Law 2d ed. p. 597. And 'the primary and general rule of statutory construction is that the intention of the lawmaker is to be found in the language that he has used.' United States v. Goldberg, 168 U. S. 95; 102, 103, 42 L. ed. 394, 398, 18 S. Ct. 3. 'The legislature must be understood to mean what it has plainly expressed, and this excludes construction. The legislative intent being plainly expressed, so that the act read by itself, or in connection with other statutes pertaining to the same subject, is clear, certain, and unambiguous, the courts have only the simple and obvious duty to enforce the law according to its terms.' 2 Lewis's Sutherland, Stat. Constr. 2d ed. p. 701. 'Courts only determine by construction the scope and intent of a law when the law itself is ambiguous or doubtful. If a law is plain, and within the legislative power, it declares it-

self and nothing is left for interpretation. It is as binding upon the court as upon every citizen. To allow a court, in such a case, to say that the law must mean something different from the common import of its language, because the court may think that its penalties are unwise or harsh, would make the judicial superior to the legislative branch of the government, and practically invest it with the lawmaking power.' The remedy for a harsh or unwise statute is not in interpretation, but in amendment or repeal. State v. Duggan, 15 R. I. 403, 6 Atl. 787; 2 Lewis's Sutherland, Stat. Constr. p. 706." State v. Rother, 56 N. D. 875, 219 N. W. 574. In the light of these rules how shall the statute be construed?

A school board is charged with "the direction and management of the schools of the district and the care, custody and control of all the property belonging to it. . . ." Section 1173, supra. The treasurer is not a member of the board. § 1161, supra. He is clothed with no authority with respect to the allowance and approval of bills against the district or with respect to the issuance of warrants in payment thereof. The responsibility for the conduct of the business of a school district is that of the board and not of the treasurer. The statute here under consideration, § 1168, supra, requires that he "shall pay all warrants properly drawn and signed when presented, if there is any money in his hands or subject to his order for their payment." He is vested with no discretion other than to determine that the warrants he shall pay are properly drawn and signed. He is merely a ministerial officer. 46 C. J. pages 927 and 1036; 22 R. C. L. 391. Since the duty of passing upon and approving bills against the district and of authorizing and issuing warrants in payment thereof is the duty of the school board and the treasurer is not a member of that board, we cannot believe that the legislature in enacting § 1168 intended other than the plain import of the language therein used. "Neither the treasurer nor his official bondsmen should be held responsible for the conduct of other officers over whom the treasurer, as such, has no control. The law and the official bond constitutes the sole measure of the treasurer's liability." Prairie School Twp. v. Haseleu, 3 N. D. 328, 55 N. W. 938. Surely if the legislature had contemplated that the treasurer should be required to pay a warrant fair on its face at his peril, it would have used appropriate language to say so. Practical

reasons as well may be urged against the construction for which the plaintiff contends. The school business might be greatly interfered with if the treasurer, a mere ministerial officer, were required to consider the purposes for which the warrants were issued and then determine whether or not he should take the risk of such purposes being proper and lawful. A wholly different question would be presented if collusion were shown to exist between the treasurer and the board whereby warrants were unlawfully issued and paid. But that is not the case here. Thus considering the statute there is, in this case, no liability shown as against the treasurer because she paid the warrants, though she had knowledge of the purposes for which they were issued.

It follows that the complaint states no cause of action against the defendant State Bonding Fund and the demurrer should have been sustained. The order from which the appeal is taken is reversed.

CHRISTIANSON, Ch. J., and BIRDZELL, BURR, and BURKE, JJ., concur.