DENNIS P. SULLIVAN *vs.* GEORGE S. WILLIS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 11th—decided December 20th, 1932.

*Charles S. Hamilton,* for the appellant (plaintiff).

*John J. Walsh,* for the appellee (defendant).

AVERY, J. The plaintiff, a taxpayer of the city of Shelton, brought this action against the treasurer of the city to recover two payments claimed to have been illegally made by the treasurer. From the finding of the court, it appears that Ebenezer Ritchie and Herbert Ledger were the duly elected assessors of the city of Shelton. It became necessary to review and revalue all the real estate in the city in accordance with General Statutes, § 1142; and the proper authorities of the city endeavored to secure outside parties to perform the work, and received various estimates in large sums therefor. Upon ascertaining that such revaluation by other parties would cost a substantial sum, the board of aldermen voted that the assessors do the work, and the city entered into arrangements with Ritchie and Ledger to render such services, agreeing to pay them therefor the sum of $1700 each, which was considerably less than the amount requested by other parties. Ritchie and Ledger performed the services, reviewing all the real estate, and the board of assessors thereafter officially made the revaluation.

The board of apportionment of the city set aside a definite sum to pay for the performance of the work; and, when it was completed, due and proper orders upon city forms were drawn by the proper parties, and presented to the defendant, as city treasurer, for payment; and, in performance of his duties, he complied with the orders and paid the sums. Each order was dated December 31st, 1929; was signed by the mayor

and city clerk in their respective capacities, and each order bore on its face the words—"Acct. of Re-assessment." In each case, the following course was taken by the proper city officials before the orders were presented to the treasurer: A bill was made out by the individuals and approved by the man or men in charge of that department, and sent to the city clerk, who certified that there was money enough in the proper appropriation to pay them. Each bill was then approved by the finance committee; an order was made out and signed by the mayor and the city clerk, and paid by the treasurer without any investigation or inquiry as to what they were paid for except that the account from which they were to be paid appeared on the checks.

The fundamental claim of the plaintiff at the trial and on this appeal is that the payments by the treasurer were illegal and unauthorized by the charter of the city, because the amount of the contract exceeded $300 and was not founded on sealed bids or proposals made in compliance with public notice, duly advertised as required by § 44 of the city charter (17 Special Laws, 664). It is unnecessary to determine whether this provision of the charter of the city has any application to the performance of such services as the reassessment required by General Statutes, § 1142. The decisive question in this case is whether an action may be maintained by a taxpayer against a city treasurer to recover the money paid out by him. The duties of the treasurer are set forth in the city charter (17 Special Laws, Chap. 403, § 17, p. 653). This section makes it his duty to "pay orders drawn upon him by the proper authority. . . . No order shall be paid or accepted by said treasurer in excess of the appropriation made by said city for that year on the particular account against which said order is drawn, nor unless

the order shall state out of what particular appropriation it is payable." The checks in the instant case were drawn on the treasurer by the proper authorities; there was a sufficient appropriation in his hands to pay them; each was regular upon its face and signed by the proper officer, and in all respects complied with all the requirements of the charter; and they were paid by him without actual notice of any defect or irregularity, and in entire good faith. Under such circumstances, he cannot be held liable in a taxpayer's action to refund the money so paid. The orders, having been in all respects in proper form, the treasurer was not required at his peril to go back of the orders and inquire into their legality, or investigate the consideration or other prior circumstances for which they were issued. If no illegality is apparent on the face of the order, and he has no knowledge of fraud or any other infirmity, he is protected in making payment. *State ex rel. O'Connor* v. *McCarthy,* 86 Mont. 100, 282 Pac. 1045, 1049; *School District No. 35* v. *Shinn,* 61 N. D. 160, 237 N. W. 693, 694; *Wolf* v. *Oller,* 16 Pa. Co. Ct. Rep. 235; 2 Dillon, Municipal Corporations (5th Ed.) § 864; 6 McQillin, Municipal Corporations (2d Ed.) § 2411.

As this disposes of the case, it is unnecessary to consider the claim made by the plaintiff in this court that the payments were in violation of Article XXIV of the Amendments to the Constitution of this State because in excess of the salary of the assessors as fixed by the charter of the city (18 Special Laws, 686), the claim of the plaintiff being that as the charter fixed the salary of each assessor at $300, the city could not constitutionally pay them extra compensation for making the reassessment required by General Statutes, § 1142. Furthermore, this claim appears not to have been made in the court below, but has been raised for the

first time in this court. Ordinarily, we do not consider claims of error which do not appear on the record to have been distinctly raised at the trial. *Rindge* v. *Holbrook*, 111 Conn. 72, 75, 149 Atl. 231.

The errors assigned in the rulings on evidence are not important and require but brief discussion. The testimony of the city clerk concerning the amount placed in the budget by the board of apportionment for revaluation was properly admitted as showing the steps taken in making up the budget and that the appropriation was made for the particular purpose of meeting the expense of the reassessment. The question asked of the mayor as to the efforts made to secure bids for the work, while immaterial was entirely harmless. The ruling as to the time spent by the assessors in making the revaluation was of the same nature. The testimony of the defendant that he knew of no objection to the payment of the checks at the time he paid them was material and proper, tending to show good faith in the payment of the orders.

There is no error.

In this opinion the other judges concurred.