A. W. CARLSON, INC. *v.* WILLIAM H. JUDD ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued May 14—decided June 12, 1946

*Carlos A. Richardson* and *Edward B. Scott,* for the appellant (plaintiff).

*Harold J. Eisenberg,* for the appellees (defendants).

ELLS, J. The plaintiff, a funeral director, had been furnishing to its patrons a tent or canopy, when inclement weather required shelter over a grave, at a charge of $8. In August of 1944, the cemetery committee of Fairview Cemetery, the public cemetery of New Britain, bought tents or canopies

and enacted a regulation providing that the cemetery itself would supply a canopy, whenever one was requested, at a price of $8 and forbidding the use of any other canopy after September 1, 1944. The plaintiff brought an action for an injunction restraining the cemetery committee from enforcing its rules against the use of the plaintiff's tent and has appealed from a judgment for the defendants.

It should be noted that the plaintiff does not bring this action as the owner of a lot in the cemetery, and it does not appear that it represents any lot owner. The case does not raise the issue whether the regulation constitutes an improper restriction upon the right of a lot owner to do acts upon his own plot; in fact, in the absence of any finding as to the nature of the rights acquired in a plot under a grant, as to the likelihood that the size or usual manner of erecting such tents would involve land other than that within the boundaries of the plot, and perhaps as to other relevant facts, we could not well decide that issue. The only question before us is: Are the rights of the plaintiff as a funeral director improperly invaded by the restriction? See *State* v. *Scoville,* 78 Conn. 90, 95, 61 A. 63; *Rindge* v. *Holbrook,* 111 Conn. 72, 76, 149 A. 231.

The charter of the city of New Britain, in part, provides as follows: "The cemetery committee shall make all needful rules and regulations concerning the use, management, and care of said cemetery, and of the lots therein, and establish and fix, and, from time to time, in its discretion, change or alter all fees and charges in connection with said cemetery. . . ." 14 Spec. Laws 963, § 123. The plaintiff concedes that the committee has power to "make all needful rules and regulations" for the

purpose described in the charter, but claims in substance that the rule in question is not "needful" and that its real purpose is to stifle competition and establish a monopoly in order that a profit may be made. The necessary implication of the trial court's finding, however, is that the profit motive was subsidiary to such purposes as protecting the turf from damage resulting from the improper installation or dismantling of outside tents, insuring against the use of unsightly tents, protecting the cemetery's workmen in inclement weather and improving the operation of the cemetery. The court concluded that the rule is a needful regulation in connection with the management and care of the cemetery within the meaning of the charter provision.

The plaintiff contends that, while such regulations must under the general law be reasonable, they must under the charter provision in question also be needful, and that needful means essential or indispensable. "Needful," as distinguished from necessary, requisite, and like words, "carries the weakest suggestion of urgency, but it applies to that which is required to supply a want or fill a need." Webster's Dictionary of Synonyms (1st Ed.) p. 568. As used in the instant case, it has no absolute connotation but is relative, implying the want of something which is to be determined in view of the particular circumstances involved. See *State ex rel. Bowe* v. *Board of Education,* 63 Wis. 234, 237, 23 N.W. 102; *Hutchinson* v. *Olympia,* 2 Wash. Ter. 314, 319, 5 Pac. 606. Section 2981 of the General Statutes gives to towns, cemetery associations and ecclesiastical societies having charge of cemeteries the power to enact by-laws providing for the care and management of all burial lots. In con-

struing that section in *State* v. *Scoville,* supra, 93, we said of such associations: "In the proper performance of that duty such associations are not only authorized to provide suitable burial places, the right to use which may be acquired by the public, and to so far regulate the use of such burial places as may be necessary for the protection of the public health, but also to keep and maintain that condition and appearance of the entire cemetery grounds, including the burial lots, which is generally demanded by public sentiment and taste." The purposes of the enactment of the regulation in question, which we have stated, are sufficient to establish, at least as regards the plaintiff, authority in the committee to adopt the regulation.

A regulation essentially similar to the one challenged by the plaintiff in the instant case was sustained in *Wetherby* v. *Jackson,* 264 Mich. 146, 151, 249 N.W. 484.

Error is assigned in the refusal of the trial court to include in the finding three paragraphs of the draft finding. They have no material bearing upon the ultimate question. The plaintiff claims error in the admission of a question asked during the cross-examination of one of its witnesses, as to whether another cemetery, which was named, did not have a regulation that it furnish all materials for burials. The answer was in effect in the affirmative. Upon the facts found, the validity of the regulation is established as matter of law, and whether or not the ruling was correct the answer has become immaterial.

There is no error.

In this opinion the other judges concurred.