RICHARD RAPPORT, BANK COMMISSIONER v.
THE CITY SOCIAL CORPORATION, INC.

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 75884

Memorandum filed January 10, 1947.

*Bernard A. Kosicki,* Assistant Attorney General, of Middle-
town, for the Plaintiff.

*Schatz & Weinstein,* of Hartford, for the Defendant.

CORNELL, J.  Transposing to some extent the allegations
contained therein, the complaint discloses the following facts.
Defendant is a corporation without capital stock the purposes of
which, according to its certificate of incorporation, are: "a. To
assist and aid its members socially, educationally and financially
in such manner as it can best be done, subject to limitations con-
tained in the General Statutes relating to organizations of this
character"; and "b. To do all other things not inconsistent with
the law of the State of Connecticut relating to voluntary associa-
tions without capital stock."  As its certficate of incorporation
was approved by the secretary of state and the required filing
fee paid on October 26, 1937, its powers derive from General
Statutes, Cum. Sup. 1935, § 1402c, that is, "to promote or carry
out any lawful purpose, other than that of a mercantile or
manufacturing business, or business conducted solely for profit."
Under this authority defendant operates a credit union as such
an activity is now defined in chapter 192b, Cum. Sup. 1939, as
amended by chapter 192b, Cum. Sup. 1945, which regulates
such enterprises.

Whether such an activity is within the authority conferred on it by the statute under which it exists (that is Cum. Sup. 1935, § 1402c) is not questioned in the complaint. As respects the issues involved here, it suffices to note that until 1939 no act of the General Assembly had been adopted which specifically concerned itself with the regulation of credit unions. During the session of that year the legislation now embodied in chapter 192b , Cum. Sup. 1939, was adopted. This was amended in 1945 by legislation now incorporated in chapter 192b, Cum. Sup. 1945. These acts denote an effort to (a) prescribe the conditions under which persons associating together for the purpose of conducting a credit union must conform and (b) supervise the operaion of such organizations after they have met the requirements and entered upon their activities. To this end comprehensive powers are delegated to the state bank commissioner. Of pertinence here are the provisions of Cum. Sup. 1945, §722h. These, in effect, prescribe that persons contemplating engaging in the conduct of a credit union, as the latter is defined in § 721h, must incorporate as a non-stock corporation; that the certificate of incorporation signed by them shall contain certain details as set forth in § 723h; that such certificate, accompanied by a copy of the proposed by-laws, be filed with the state bank commissioner, who may indorse his approval upon the same upon conditions hereinafter referred to and, if he does so, shall file the same with the secretary of state, whereupon a copy, certified by the secretary of state, shall be filed in the office of the town clerk of the town where the corporation is to be located. After the certificate is approved by the secretary of state and duly filed as aforesaid, the incorporators may not permissibly engage in the conduct of a credit union until the corporation has been granted a license so to do by the state bank commissioner upon the filing of an application in writing containing such information as the sate bank commssioner may require. This proscription is specific: "No such corporation shall engage in business in this state as a credit union until it shall have obtained a license from the bank commissioner, except as hereinafter provided." § 722h.

The complaint alleges that the defendant is engaged in the business of a credit union but has not complied with the provisions of § 722h in that it has not been granted a license to conduct the same as therein provided and has not otherwise complied with the requirements of the statute, all of which is admitted for the purpose of the demurrer. The prayers for re-

lief seek an jnjunction against the defendant until it has been so licensed. The only criterion by which the judgement of the state bank commissioner is to be guided when his approval of a certificate of incorporation of a nonstock corporation proposed to be formed for the purpose of operating a credit union is asked is that he be satisfied that "the proposed field of operation is favorable to the success of such credit union and that the the standing and fitness of the incorporators are such as to give assurance that its affairs will be administered in accordance with the provisions of this chapter." The demurrer is based upon the ground that the statute in so requiring a license is unconstitutional in that it fails to establish primary standards or lay down an intelligible principle to which the administrative official must conform or be governed.

Without reference to whether or not this criticism is justified the demurrer must be overruled because a decision on the point would be mererly academic—this for the reason that it does not appear that defendant is subject to the provisions of the legislation in question (that is, chapter 192b, Cum. Sup. 1939, as amended by chapter 192b, Cum. Sup. 1945). It is true that under the power reserved to the state in General Statutes, § 3471, the defendant's authorities could be altered, modified or repealed at any time by general statute so long as such changes do "not defeat or substantially impair the object of the grant or rights vested thereunder." *Southington v. Southington Water Co.*, 80 Conn. 646, 651. It does not follow that the General Assembly did so in enacting the acts in question. Without indulging in detailed discussion of their provisions, examination reveals no express provision contained in either of the mentioned chapters applicable to nonstock corporations engaged in operating credit unions at the time either the 1939 or the amendatory 1945 act became effective. Nor is anything said that would lay a basis for an inference that such was the legislative intent. The implications are that the General Assembly, in enacting the statutes, purposed the regulation and supervision of credit unions organized after their effective dates only and overlooked the fact that there might be nonstock corporations, such as defendant, or associations of persons pursuing such an activity at the time chapter 192b, Cum. Sup. 1939, and chapter 192b, Cum. Sup. 1945, became law. This accounts for the lack of any provision recognizing such a situation or providing a procedure whereby such bodies might conform to the requirements therein appearing applicable to credit unions thereafter organiz-

ed. In the absence of an express provision to the contrary, "no provision of the general statutes, not previously contained in the statutes of the state, which shall impose any new obligation on any person or corporation, shall be construed to have a retrospective effect." General Statutes, § 6572. As the legislation under discussion affects substantive rights it must be viewed as prospective and hence cannot affect the defendant corporation, which was already organized and functioning when it was passed and approved. Under this conclusion, the provisions of § 722h do not affect any of defendant's rights. This being so, the question of the constitutionality of the provisions attacked by the demurrer cannot be considered. *Rindge* v. *Holbrook*, 111 Conn. 72, 76. For the reasons noted the demurrer is overruled