[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This motion raises the question of whether a condition in a private cemetery can be the basis of a claim for public nuisance. The first count of the complaint claims negligence in maintenance of the cemetery. The defendant has challenged the second and third counts which are for public nuisance and absolute private nuisance. A motion to strike may be used to challenge the legal sufficiency of a pleading. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530 n. 2; Connecticut Practice Book, 152. With a motion to strike, all of the facts alleged in the complaint and facts necessarily implied from those allegations are accepted as true, and the complaint is construed in the manner most favorable to the plaintiff. Blancato v. Feldspar Corporation,203 Conn. 34, 36. While a motion to strike admits all facts pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the complaint. Mingachos v. CBS, Inc.,196 Conn. 108.
Under the facts stated in the complaint, the plaintiff, a member of the defendant Church was visiting the grave site of her late husband in the defendant's cemetery when a headstone fell on her, causing personal injuries. The headstone, which had previously been lying on the ground, had been raised and propped up with a stick by the defendant's agents. The cemetery was owned, possessed and controlled by the defendant. It is alleged that the condition was dangerous since the headstone markers were not properly secured, and that the defendant had knowledge of the condition but failed to correct it.
In order to prove a claim of nuisance, the following four elements must be shown: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; and (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages. Tomasso Bros., Inc. v. October Twenty-Four, Inc.,221 Conn. 194, 197; Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33,35-36; Kostyal v. Cass, 163 Conn. 92, 99-100. Paragraph 15 of the second count contains those allegations. In addition, paragraph 16 states that "the improperly secured headstone interfered with a CT Page 3962 right common to members of the general public, such as the plaintiff, to enter and use the premises and constituted a public nuisance."
There are two types of nuisance: public and private. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." Couture v. Board of Education, 6 Conn. App. 309, 314; Webel v. Yale University, 125 Conn. 515, 525. Public nuisances are ones which violate public rights and produce a common injury and which affect the rights enjoyed by citizens as a part of the public; it is an annoyance which is common to the public generally, and the test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. Couture v. Board of Education, supra, 314, 315; Higgins v. Connecticut Light Power Co., 129 Conn. 606, 611-12; Connecticut Law of Torts, 2d Ed., 130. In order to prevail on a public nuisance claim, the plaintiff must prove, in addition to the four requirements for private nuisance, that the condition or condition complained of interfered with a right common to the general public. Doe v. Manheimer, 212 Conn. 748, 755-56 n. 4; Couture v. Board of Education, supra, 316; Higgins v. Connecticut Light Power Co., supra, 611.
Whether the elements necessary to establish a nuisance claim have been proven is usually a question of fact, Tomasso Bros., Inc. v. October Twenty-Four, Inc., supra, 197, unless it is clear that it does not constitute a nuisance as a matter of law. Heritage Village Master Ass'n., Inc. v. Heritage Village Water Co.,30 Conn. App. 393, 709. Questions of fact cannot be determined on a motion to strike. The defendant contends that an injury in a privately owned cemetery cannot constitute a public nuisance as a matter of law, claiming that there is no public right to enter the cemetery. This argument is rejected because of the unique status of cemeteries under Connecticut law. Chapter 368j of the General Statutes applies to cemeteries owned or operated by towns, cemetery associations or ecclesiastical societies. See 19a-295 et seq., C.G.S. Section 19a-312(d) of the General Statutes expressly provides that a cemetery which is not maintained as required by Chapter 368j shall be deemed a public nuisance. In addition, a cemetery which is open to the public for the purpose of burial is a public cemetery despite the fact that it is privately owned or maintained. 14 C.J.S. 5, Cemeteries, 2. Church cemeteries are generally considered to be public cemeteries, as opposed to a private cemetery which is used only by a family or a small portion CT Page 3963 of the community. Id.; 14 Am.Jur.2d 699, 700, Cemeteries, 2. Whether or not a cemetery is a public cemetery as opposed to a private cemetery is determined by whether there is public use, not by ownership. State ex rel. Willow Monument Works, Inc. v. Mountain Grove Cemetery Ass'n., 168 Conn. 447, 454. A cemetery, though privately owned, is properly classified as a public cemetery as distinguished from a private one, where it consists of a great number of small burial plots or sites, sold and for sale to the public. 14 Am.Jur.2d 700, Cemeteries, 2. See also Evergreen Cemetery Ass'n. v. City of New Haven, 43 Conn. 434, 441. There may be a factual question to the extent of the right of entry to the defendant's cemetery for the purpose of visiting particular grave sites, and whether only relatives of persons buried there may enter. This question which cannot be decided on a motion to strike, so the defendant cannot establish as a matter of law that the location where the plaintiff was injured was in a private cemetery. Accordingly the motion to strike the second count of public nuisance is denied.
The third count claims absolute nuisance, in that the defendant and its volunteers intentionally placed the headstones or allowed them to be placed in an unsafe and dangerous manner, and intended to bring about the conditions amounting to a nuisance. An absolute nuisance is one grounded in conduct which is intentional, not negligent. Beckwith v. Stratford, 129 Conn. 506, 510-11; Dingwell v. Litchfield, 4 Conn. App. 621, 624. A claim of absolute nuisance can apply either to a public nuisance or private nuisance.
A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land, but includes injuries to an owner or occupier of land without regard to the quality of the tenure. Couture v. Board of Education, supra, 314; Webel v. Yale University, supra, 525; Connecticut Law of Torts, 2d Ed. 130. A burial plot in a cemetery is regarded as property in which title may descend to heirs or lineal descendants as intestate property. 14 Am.Jur.2d 735, Cemeteries, 28; 14 C.J.S. 20, Cemeteries, 23. The owner of a burial plot has a limited right to the use of the lots. Ada Israel Ass'n. v. Beaverdale Memorial Park, 29 Conn. Sup. 292, 296; State v. Scoville, 78 Conn. 90, 94. The owner of a burial lot also has the right to free and unobstructed access to it and the right to use necessary driveways and approaches to the lot. 14 Am.Jur.2d 733, Cemeteries, 25. Owners of easements to land have a sufficient property interest in the land to bring an action for private nuisance. Restatement, 2nd, Torts, 821E. In the case of cemeteries, the decedent's surviving spouse and heirs generally CT Page 3964 have a sufficient interest in the land in the form of a right to visit the grave site. 14 Am.Jur.2d 743, 744, Cemeteries, 36. Again, the extent of the interest here is partially a question of fact, but the conduct of the plaintiff in visiting her husband's grave site may be a sufficient interest in the land to support a claim for private nuisance. If the defendant's conduct was intentional as alleged, she can maintain a claim for absolute private nuisance.
The motion to strike the second and third counts is denied.
ROBERT A. FULLER, JUDGE