[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The defendant moves to strike counts one, three, five, and eight of the amended complaint.
The plaintiff in this action is Maribel Cruz, in her capacity as the mother and next friend of her minor children, Christopher Malave and Daniel Malave. The defendants are Gilma Tosado and Parvis Goudarzy. The plaintiff filed a seventeen count amended complaint on March 28, 1994, alleging the following.
The defendants are the owners of record of an apartment house located at 154 Ward Street in Hartford, Connecticut. The defendants entered into a lease agreement with the plaintiff for the rental of one of the apartments in their building.
The apartment rented to the plaintiff exposed the plaintiff's children to hazardous and toxic levels of lead paint in excess of 0.06% and 0.50% lead by dry weight in intact and nonintact conditions on the interior and exterior surfaces of the Ward St. residence. As a result, the plaintiff brings various causes of action against the defendants, CT Page 5443 including negligence, absolute nuisance, breach of warranty of habitability, and the conducting of an abnormally dangerous activity.
The relevant counts of the complaint to this motion to strike are all directed at defendant Tosado. In count one, the plaintiff alleges that the defendant leased and otherwise let the plaintiff and her minor children inhabit the Ward Street residence in violation of General Statutes §§ 21a-82, 47a-7,47a-8, and 19a-111 to 19a-111c, failed to properly inspect the premises for toxic levels of lead paint in violation of General Statutes §§ 21a-82, 47a-7, 47a-8, and 19a-111
to 19a-111c, and failed to de-lead the residence before allowing the plaintiff and her family to inhabit the apartment in violation of General Statutes §§ 21a-82, 47a-7, 47a-8, and 19a-111 to19a-111c. As a result of these acts, the plaintiff alleges that her minor children have suffered serious and painful injuries and losses. The plaintiff further alleges that these violations constitute negligence per se, and that she is entitled to damages as a result.
In count three, the plaintiff alleges that the existence of the dangerous levels of paint in the apartment violates Connecticut statutes and constitutes an absolute nuisance as the lead paint also poses a continuing danger to the health and welfare of the plaintiff's minor children. In count five, the plaintiff claims that the defendant's willful, wanton, and reckless conduct in not repairing the lead paint, constitutes a breach of implied warranty of habitability. In count eight, the plaintiff alleges that despite receiving notice from the local health director that the levels of paint were at an abnormally high level, the defendant willfully, wantonly, and recklessly exposed the plaintiff and her family to the dangerous, hazardous and toxic levels of lead paint.
On July 18, 1994, defendant Tosado filed a motion to strike the first, third, fourth[1], fifth, and eighth counts on the ground that the plaintiff has not stated sufficient claims upon which relief can be granted. In support of her motion to strike, the defendant filed a memorandum of law. The plaintiff filed a memorandum of law in opposition to the motion to strike on October 28, 1994. On February 15, 1995, the defendant filed a reply brief to the plaintiff's objection. CT Page 5444
The motion to strike challenges the legal sufficiency of the pleading by testing whether the complaint states a cause of action on which relief can be granted. P L Properties,v. Schnip Development, 35 Conn. App. 46, 50, 643 A.2d 1302
(1994). In reviewing the granting of a motion to strike, the court should construe the facts alleged in the complaint in a light most favorable to the pleader. RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 384 (1994).
Count 1 — Negligence Per Se
The defendant argues that the motion to strike as to the first count should be granted because General Statutes §§ 21a-82
and 19a-111 through 19a-111(c) do not provide for a private cause of action. The defendant argues that the legislative history and wording of these statutes clearly do not allow a private cause of action, and therefore the first count should be stricken.
On the other hand, the plaintiff argues that the motion to strike the first count should be denied because the first count alleges a sufficient claim of negligence per se. The plaintiff argues that if it is determined that the defendant is found to have violated any of the statutes enumerated in count one, then the defendant's conduct constitutes negligence per se. Therefore, the plaintiff argues that the motion to strike should be denied as to the first count.
The thrust of the plaintiff's negligence per se claim is that by violating the provisions of General Statutes §§ 21a-82,47a-7, 47a-8 and 19a-111 to 19a-111c, the defendant is negligent per se. The facts of this case are virtually identical to the facts of a prior action decided by this court in Gutierrez v. Jefferson Street Med. Bldg., Superior Court, JD of Hartford/New Britain, DN. 529230 12 Conn. L. Rptr. 472 (September 27, 1994) (Hennessey, J.). In that case, the plaintiff, the mother of a child exposed to lead based paint in the premises owned by the defendant, brought the action against the owner of the building for injuries resulting from exposure to the paint.
The defendant brought a motion to strike the negligence per se claim on the ground that the allegations in the count are contrary to Connecticut law and public policy. The court, Hennessey, J., denied the motion to strike on the grounds CT Page 5445 that violations of General Statutes §§ 21a-82, 47a-7, 47a-8
and 19a-111 all constitute negligence per se. Since the facts in this action are virtually identical to those in theGutierrez action, this court follows the decision inGutierrez. Accordingly the defendant's motion to strike as to count one is denied.
Count 3 — Absolute Nuisance
The defendant argues that the third count should be stricken because the plaintiff has failed to state a sufficient cause of action sounding in absolute nuisance. The defendant argues that not only does the plaintiff fail to allege the four elements essential for a nuisance claim, she also has not adequately alleged either a private or a public nuisance claim.
In response, the plaintiff argues that the third count should not be stricken because the plaintiff has properly alleged an absolute nuisance. The plaintiff also claims that she has adequately alleged sufficient facts to establish a private nuisance and therefore, the motion to strike should be denied as to count three.
In the third count, the plaintiff claims that the existence of these dangerous, hazardous and toxic levels of lead paint on the interior and exterior surfaces of the Ward St. apartment constitutes an absolute nuisance.
The Connecticut law of nuisance was recently discussed by the Connecticut Supreme Court in Green v. Ensign-Bickford Co.,25 Conn. App. 479, 595 A.2d 1383 (1991). A successful nuisance plaintiff must establish four elements:
 (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the defendant's land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages.
Green, supra, 25 Conn. App. 490. Claims of nuisance fall into two discrete categories: (1) absolute nuisance and (2) negligent nuisance. The principal distinction between the two CT Page 5446 is that an absolute nuisance has the added requirement that the conduct be intentional. Id.
"Intentional," in this context, means, "not that a wrong or the existence of a nuisance was intended but that the creator of [it] intended to bring about the conditions which are in fact found to be a nuisance." Dingwell v. Litchfield,4 Conn. App. 621, 624, 496 A.2d 213 (1985), quoting Beckwithv. Stratford, 129 Conn. 506, 510-11, 29 A.2d 775 (1942).
In the third count of the amended complaint, the plaintiff has adequately alleged the elements of nuisance. The plaintiff alleges that the existence of lead paint "has a natural tendency to create danger." The plaintiff further alleges that the existence of paint "posed a continuing danger to the health and welfare of Ms. Cruz' minor children." The plaintiff alleges that the existence of various levels of paint violates various Connecticut Statutes. Finally, the plaintiff alleges that the existence of paint was the direct and proximate cause of the plaintiff's children's injuries.
A claim of absolute nuisance can apply either to a public nuisance or private nuisance. Avery v. Cong. Ch. Of Green's Farms,11 Conn. L. Rptr. 354, 9 CSCR 534 (1994) (Fuller, J.). "A private nuisance exists only where one is injured in relation to a right he enjoys by reason of his ownership interest in land." Avery v. Boy Scouts of America, Superior Court, JD of Stamford/Norwalk at Stamford, DN. 135160 12 Conn. L. Rptr. 206
(1994) (Lewis, J.), quoting Webel v. Yale University,125 Conn. 515, 525, 7 A.2d 215 (1939). The plaintiff claims that she has alleged facts sufficient to support a private nuisance.
"In the modern authorities [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure." Couture v. Board of Education, 6 Conn. App. 309,314, 505 A.2d 432 (1986). See also, Pollock, Torts (13th Ed.) 442; Salmond, Torts (8th Ed.) 235; Harper, Torts, 179; Webel v. Yale University, 125 Conn. 515, 525, 7 A.2d 215
(1939). In the third count of the amended complaint, the plaintiff alleges that the defendant was the owner of record, landlord of the apartment building pursuant to a lease agreement between the plaintiff and the defendant, and otherwise in control of the premises. The plaintiff also CT Page 5447 alleges that the plaintiff and her minor children leased and otherwise inhabited the Ward Street residence.
"When a tenant takes exclusive possession of demised premises . . . no cause of action sounding in nuisance is available to the tenant against the landlord." Bentley v.Dynarski, 150 Conn. 147, 153 (1962). "It is true that a tenant may not sue his landlord in nuisance for a defect in the demised premises . . . This rule is based on the fact that, by definition, the demised premises are under the tenant's exclusive control. Nevertheless, a tenant injured by a defective condition on that part of the premises retained in the control of his landlord may plead a proper cause of action in private nuisance." Difrisco v. Shawmut Mortgage, Superior Court, JD of Waterbury, DN. 115155 10 Conn. L. Rptr. 486 (Nov. 30, 1993) (Kulawiz, J.).
Whether the plaintiff may maintain a private nuisance action against the defendant, therefore, is dependent on whether the defendant retained control over the painting of the walls in the interior and exterior portions of the apartment building. For purposes of the motion to strike, it is sufficient that the plaintiff claimed that the defendant was "owner of record, landlord and otherwise in control of 154 Ward Street, Second Floor, Hartford, Connecticut." This is sufficient enough control to satisfy the requirements for private nuisance. The plaintiff has alleged sufficient facts which if proved, support a cause of action for nuisance. Accordingly, the defendant's motion to strike the third count is denied.
Count 5 — Breach of Warranty of Habitability
Finally, the defendant argues that counts five and eight of the amended complaint fail to allege sufficient causes of action sounding in wilful, wanton, and reckless conduct. The defendant argues that the plaintiff has not alleged any further facts separate and distinct from the allegations of negligence set forth in count two of the complaint. Therefore, the defendant argues that the motion to strike the fifth and eighth counts should be granted. The plaintiff argues that counts five and eight are adequately alleged. She argues that the recklessness and wantonness involved is derived from the fact that the defendant knew about the high levels of lead paint and yet did nothing to prevent the further exposure of CT Page 5448 the plaintiff's minor children to the lead paint. The plaintiff argues that these allegations are enough to survive a motion to strike, and the motion to strike should be denied. In the fifth count of the complaint, the plaintiff alleges that the defendant's "willful, wanton and/or reckless disregard for the rights of Ms. Cruz' minor children" caused the Ward Street residence to be uninhabitable, and exposed the plaintiff's minor children to "dangerous, hazardous and toxic levels of lead paint existing on the interior and exterior surfaces of the Ward St. residence." This allegation is virtually identical to those found in Gutierrez.[2]
In Gutierrez, the court, Hennessey, J., discussed Connecticut precedents concerning the breach of warranty of habitability:
 A warranty of habitability generally relates to issues of whether rented premises are untenantable so that the obligation to pay rent is suspended. Johnson v. Fuller, 190 Conn. 552, 461 A.2d 988
(1983); Thomas v. Roper, 162 Conn. 343, 294 A.2d 321 (1972). "`In general, there is no implied warranty of habitability given to a tenant, but rather, he takes the premises as he finds them and bears the risk of any defective conditions which are within the area under his exclusive possession and control. . . .'" Johnson v. Fuller, supra, 190 Conn. 558, quoting Thomas v. Roper, supra, 162 Conn. 349-50. "`This rule, however, does not apply to defects which are the result of faulty design or disrepair and which existed at the beginning of the tenancy, were not discoverable by the tenant on reasonable inspection, and were known, either actually or constructively, to the landlord.'" (Internal quotation marks omitted.) Johnson v. Fuller, supra, 190 Conn. 558, quoting Thomas v. Roper, supra, 162 Conn. 350.
Gutierrez, supra.
The defendant has alleged sufficient facts to withstand a motion to strike her claim for a breach of warranty of habitability. Accordingly, the motion to strike count five of the complaint is denied. CT Page 5449
Count 8 — Willful, Wanton, and Reckless misconduct
In the eighth count, the plaintiff alleges that despite receiving "notice from the local health director and/or building official" the apartment building "contained dangerous hazardous and toxic levels of lead paint the defendant "failed to take the necessary steps to ensure" that the plaintiff's children were not exposed to the dangerous hazardous and toxic levels of lead paint. . . ." Additionally, the plaintiff alleges that the defendant's continuing failure to take steps to prevent exposure to the lead paint "constitutes a willful, wanton and/or reckless disregard for the rights of Ms. Cruz' minor children", from which the plaintiff's children "became lead poisoned and have suffered" serious and painful injuries. Once again, the allegations in this complaint mirror the Gutierrez complaint.[3]
In Gutierrez, the court, Hennessey, J. citing Dubay v.Irish, 207 Conn. 518, 542 A.2d 711 (1988), explained the difference between negligence and recklessness.
 Recklessness is a state of consciousness with reference to the consequences of one's acts. It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action.
Gutierrez, supra. The court then noted that in Gutierrez, "the primary difference between the negligence and recklessness counts of the plaintiff's revised complaint is the allegation in the recklessness count that the defendant, despite having received actual notice of a lead hazard from municipal officials, did nothing to prevent the further exposure of the plaintiff to this danger." Gutierrez, supra. The court, following the reasoning in Tessman v. Tiger Lee ConstructionCo., 228 Conn. 42, 54-55, 634 A.2d 870 (1993), found that the failure to act in the face of a known hazard can constitute CT Page 5450 recklessness. Therefore, the court denied the motion to strike.
The same factors control in the present action. As inGutierrez, the only substantive difference between the negligence allegation in the second count and the "willful, wanton, and recklessness" allegations count in the eighth count is the defendant's knowledge of a hazard and failure to take steps to prevent danger. Thus, the plaintiff has alleged sufficient facts to withstand a motion to strike the eighth count of her amended complaint. Therefore, the motion to strike as to the eighth count of the plaintiff's amended complaint is denied.
Mary R. Hennessey, Judge