[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
This is an action in which a minor, Jermaine Wilson, through his parent alleges becoming lead poisoned as a result of his tenancy in two separate residences. He alleges residing at 12 Hanmer Street in East Hartford from June, 1993 until January, 1994 and residing at 165 Clark Street in Hartford from August, 1991 through June, 1993. The owner of the Hanmer Street property is named as Richard Bellisle and of the Clark Street property as Joseph and Charlene Dakers. The complaint is in sixteen counts. Counts one through eight are against Bellisle. Counts nine through sixteen are against the Dakers. Service took place on the Dakers on January 31, 1995. Service took place on Bellisle on February 3, 1995.
The defendant Bellisle has moved to strike counts one through eight on the grounds of misjoinder of claims. In addition the defendant Bellisle moves to strike count one on the grounds that the plaintiff has not alleged that the defendant had notice of the alleged defect; count three, in that the plaintiff fails to set forth a cause of action for absolute nuisance; count four, in that lead paint is not an abnormally dangerous activity; count five, in that it fails to set forth a cause of action for breach of implied warranty of habitability; count six, in that a claim for breach of quiet and peaceful enjoyment is not applicable here; count eight, in that it fails to allege a legally sufficient cause of action under the Fair Trade Practice
We deal first with the misjoinder of actions claim. Before the Motion to Strike became a vehicle by which an objection was CT Page 6204 taken to a claimed misjoinder of actions, the demurrer was the appropriate motion since such action standing alone would be immune to attack. The defect being misjoinder, the only course available to the plaintiff was to withdraw one of the actions and the demurrer provided him the opportunity of electing which to withdraw. Also a failure to demurrer in a timely fashion constituted a waiver of the detect. See Stevenson, Conn. Civil Proc. (2nd Ed.) Vol. I § 91(g) and 1982 Supplement § 119.
The instant Motion to Strike raising the misjoinder issue was filed by the defendant Bellisle on April 26, 1996, fourteen months after the complaint was returned to court. The defendant Bellisle filed a Request to Revise on April 3, 1995 and this was objected to by the plaintiff on April 7, 1995. The Request to Revise was denied on January 16, 1996. In the intervening months between April, 1995, and January, 1996, significant discovery took place between these parties; but, neither claimed the Request to Revise and/or the objection to the court until January, 1996.
On March 28, 1996, the defendant Bellisle, asked for an extension of time, i.e. 30 days, within which to file a Motion to Strike. No reason was given as to why this additional time was needed, considering that the Request to Revise had been ruled on over two months earlier and additional pleadings at that point would have come under the fifteen day rule. The instant motion was filed on April 26, 1996 and argued to the court four months later.
The defendant Bellisle argues in support of his Motion to Strike on misjoinder grounds, that the plaintiff has not offered any compelling reason why the case should not be stricken. What is more compelling if not the fact that one of two causes of action both timely brought would now be subject to a statute of limitations claim if it had to be reserved. Misjoinder is a defect which could and should have been raised in a timely fashion. Separating these two actions so that each can proceed as separate cases will not prejudice either of the defendants Bellisle or Dakers. Therefore, the court sua sponte orders these two actions severed and tried as two cases rather than one. Accordingly the Motion to Strike on the grounds of misjoinder is denied.
As to the additional grounds raised by the defendant Bellisle CT Page 6205 in his Motion to Strike, the defendant advised in oral argument that the notice claim as to count one is not being pursued. Accordingly, the Motion to Strike count one, the notice claim, is denied.
The Motion to Strike, as to count three, claiming absolute nuisance, is granted; see Cruz v. Tosado, Superior Court, Judicial District of Hartford/New Britain at Hartford, CV 93 0531845 (May 22, 1995), 14 CLR 272, Hennessey, J.
The Motion to Strike as to count four, the abnormally dangerous claim, is granted. See Gutierrez v. Jefferson StreetMedical Building, Superior Court, Judicial District of Hartford/New Britain at Hartford, CV 93 0529230 (September 27, 1994), Hennessey, J.
The Motion to Strike as to count five, the warranty of habitability claim, is denied. See Gutierrez v. Jefferson StreetMedical Building, Supra.
The Motion to Strike as to count six, the quiet enjoyment claim, is granted. See Gutierrez v. Jefferson Street MedicalBuilding, supra.
The Motion to Strike as to count eight, the CUTPA claim, is denied. See Gutierrez v. Jefferson Street Medical Building, supra.
Hennessey, J.