[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO STRIKE #106 109[1]
The plaintiff alleges that while walking over land owned by the defendants outside his condominium that the "ground" collapsed causing him injuries. Each of the defendants seek to strike the counts of the amended complaint, (counts four, five, and six) alleging absolute nuisance with regard to them individually. The plaintiff alleges six, alleging absolute nuisance with regard to them individually. The plaintiff alleges that "the ground was prone to collapse because of the use of faulty materials and/or faulty workmanship in the placement and/or compaction of the fill and/or in that there was no warning signs and/or barricades near said ground advising people, including the plaintiff, that the ground was prone to collapse." (Amended complaint, counts 4, 5 and 6.)
The plaintiff also alleges that the ground had a natural tendency to create danger and inflict injury (amended complaint, counts 4, 5 and 6); that the danger was "a continuing one" (amended complaint, counts 4, 5 and 6); that "the use of the ground . . . was unreasonable" (amended complaint, counts 4, 5 and 6) ; and that "[a]s a result of the occurrence and the existence of the nuisance. . . . the plaintiff sustained injuries of a severe and permanent nature." (Amended complaint, counts 4, 5 and 6.)
All of the defendants seek to strike the absolute nuisance count that is applicable to them. The plaintiff alleges that the defendants were either the owner or lessor in either possession or control of the common area where the accident occurred. (Amended complaint, counts 4, 5 and 6) CT Page 12502
The motion to strike is used to challenge the legal sufficiency of the complaint. Amore v. Frankel, 228 Conn. 358,371, 636 A.2d 786 (1994), citing Gurliacci v. Mayer,213 Conn. 531, 542-45, 590 A.2d 914 (1991). "The purpose of the motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted," (internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998).
The defendants advance two arguments in support of their motion to strike. First, the defendants argue that the plaintiff failed to allege, beyond a mere conclusion, that the defendants use of the land at issue was unreasonable or unlawful. Second, the defendants argue that the plaintiff failed to allege that the defendant's actions were intentional. The plaintiff argues in response that it specifically alleged that the use of the ground was unreasonable, and that the defendants failed to cite case law that requires intent to be alleged in the complaint. (Plaintiff's Memorandum of Law, pp. 2-3)
"A nuisance, whether public or private, describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property. . . . The term nuisance refers to the condition that exists and not to the act or failure to act that creates it. If the creator of the condition intends the act that brings about the condition found to be a nuisance, the nuisance thereby created is said to be absolute and its creator is strictly liable. . . . If the condition claimed to be a nuisance arises out of the creator's unintentional but negligent act, i.e., a failure to exercise due care, the resulting condition is characterized as a negligent nuisance." (Citations omitted.) Quinnet v. Newman, 213 Conn. 343, 348,568 A.2d 786 (1990); see also Wright v. Steneika, Superior Court, judicial district of New Haven at New Haven, Docket No. 345291 (May 30, 1997, Freedmen, J.).
A plaintiff must establish four elements in a nuisance action: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the CT Page 12503 defendant's land was unreasonable or wrongful, [and] (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages." Green v. Ensign-Bickford Co.,25 Conn. App. 479, 490, 595 A.2d 1383, cert. denied,220 Conn. 919, 597 A.2d 343 (1991), quoting Filisko v. Bridgeport HydraulicCo., 176 Conn. 33, 35-36, 404 A.2d 889 (1978); see also Homack v.Koehler, Superior Court, judicial district of Litchfield, Docket No. 061563 (June 13, 1994, Pickett, J.) (14 Conn. L. Rptr. 299).
"Claims of nuisance fall into two discrete categories: (1) absolute nuisance and (2) negligent nuisance. The principal distinction between the two is that an absolute nuisance has the added requirement that the conduct be intentional.", supra,25 Conn. App. 490, quoting, supra, 144 Conn. 611; see also Homack v.Koehler, supra, 14 Conn. L. Rptr. 299. "Intentional in this context, means not that a wrong or the existence of a nuisance was intended, but that the creator of [it] intended to bring about the conditions which are in fact found to be a nuisance . . . . [I]ntent to create an absolute nuisance is dispositive. . . ." (internal quotation marks omitted.) Green v.Ensign-Bickford Co., supra, 25 Conn. App. 490-91; see also Homackv. Koehler, supra, 14 Conn. L. Rptr. 299. "If the condition arises out of an act through which the actor fails to exercise due care, then it is negligent nuisance." Turner v. City of NewLondon, Superior Court, judicial district of New London at New London, Docket No. 515539 (February 24, 1992, Milhalakos, J.).
Most of the decisions in our court dealing with motions to strike absolute nuisance claims have required only that the plaintiff allege the four essential elements; intent need not be specifically alleged. See Delgado v. Learmand, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 471591 (July 12, 1996, Arena J.); Hall v. Rivera, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 049449 (October 29, 1996, Skolnick, J.); Cruz v. Tosado, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531845 (May 22, 1995, Hennessey, J.) (14 Conn. L. Rptr. 272); Marabella v. Kay, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 142737 (June 25, 1995, Lewis, J.).
In this case, the plaintiff has satisfied the four prong test and has alleged that "[the] ground had a natural tendency to create danger and inflict injury upon people, including the plaintiff"; (amended complaint, counts 4, 5 and 6); "the CT Page 12504 danger . . . was a continuing one"; (id.); "the use of the ground . . . was unreasonable (id.); and "as a result of . . . the existence of the nuisance . . . the plaintiff sustained injuries of a severe and permanent nature. Id. Counts four five and six are legally sufficient and state a claim upon which relief can be granted. The court will therefore deny both Motions to Strike 106 and 109.
PELLEGRINO, J.